**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **COMMWORKS SOLUTIONS, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. A-22-MC-00133-RP** |
| | § | |
| **RCN TELECOM SERVICES, LLC,** | § | |
| **COMMWORKS SOLUTIONS, LLC,** | § | |
| *Defendants* | | |

## TRANSFER ORDER

Before the Court is Petitioner CommWorks Solutions, LLC's Motion to Compel Compliance with the Subpoena Against MediaTek USA, Inc., or Alternatively, to Transfer Enforcement, Dkt. 1, and MediaTek's Response, Dkt. 13. The court which originated the subpoena is located in the Southern District of New York where the underlying suit is pending. *CommWorks Solutions, LLC v. RCN Telecom Services, LLC*, 1:20-CV7534-MKV (S.D. N.Y.).

CommWorks seeks information about MediaTek's chips, which are contained in some of the Wi-Fi routers provided to its customers by Internet service provider RCN. In the underlying suit, CommWorks accuses RCN of infringing its patents through provision of the Wi-Fi routers and access points to its customers. CommWorks argues that the source code used to design the chips and the source code of programs running those chips is relevant in its suit against RCN, and moves to compel discovery of the source code. MediaTek has refused to produce the requested discovery to date asserting that the source code and relevant documents are in the possession of MediaTek-Taiwan, which has not been served with

1

discovery. CommWorks asserts it is in the process of discovering similar source code from other third-party chip makers in the underlying suit.

Alternatively, CommWorks requests that the undersigned transfer its motion to the court issuing the subpoena. CommWorks argues that the undersigned should transfer as to not disrupt the issuing court's management of the underlying litigation, and because the same or similar issues are likely to arise in discovery in many districts. Fed. R. Civ. P. 45 Adv. Comm. Note (2013).

The undersigned's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.*, Fed. R. Civ. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f).   The Advisory Committee's comments to the amendment indicate that "[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of [Rule 45] … that motions be made in the court in which compliance is required under Rule 45."  Fed. R. Civ. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). The Notes state further, however, that "transfer to the court where the action is pending is sometimes warranted," either where the non-party consents, or where there are "exceptional circumstances." *Id.* On this issue, the Note states that, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented in the motion, or the same issues are likely to arise in discovery in many districts." *Id.* In making the decision to transfer, the Committee instructs that "the prime concern should be avoiding burdens on local non-parties." *Id.* The Court finds this case presents an exceptional circumstance making transfer preferable.

The case underlying the subpoena in issue originated in the Southern District of New York. It is a patent case, and apparently involves discovery about the kind of information at issue here, from various non-parties subject to protective orders already entered by that court. The Court finds that in this case the interest in the issuing court deciding the discovery dispute outweighs the parties' interest in deciding the issue in Austin, Texas.

While MediaTek USA, Inc., is located in Austin, Texas, it maintains that it is the wrong entity to respond to the discovery in issue because the source code is in

the possession of MediaTek-Taiwan, and that no MediaTek USA employees worked on the source code in issue. MediaTek is a large company with various international iterations, and by its own admission the discovery dispute has no connection to Austin, Texas. Accordingly, transfer of CommWorks' motion to compel would cause it no undue burden. Moreover, MediaTek's counsel is located in New York; therefore, any travel burden on a local non-party imposed by transfer to the Southern District of New York is minimal.

The underlying case in issue here is a patent case involving complicated relationships between many parties and non-parties and their interests in the patents in issue. Other non-parties have been issued discovery subpoenas similar to that served on MediaTek. The interest in having a single court decide all of these issues outweighs MediaTek's interest in having the issue decided in Austin. These facts present sufficient "exceptional circumstances" to support the transfer of the motion under Rule 45(f). Accordingly, transfer of CommWorks' Motion to Compel Dkt. 1, is proper.

IT IS THEREFORE ORDERED that Petitioner CommWorks Solutions, LLC's Motion to Compel Compliance with the Subpoena Against MediaTek USA, Inc., or Alternatively, to Transfer Enforcement, Dkt. 1, is GRANTED IN PART and CommWorks' Motion to Compel and all other remaining pending motions in the case are HEREBY TRANSFERRED to the United States District Court for the Southern District of New York, Foley Square Division. IT IS LASTLY ORDERED that this matter is CLOSED.

SIGNED March 22, 2022.

_____

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE